Dear Representative Kenney:
You have requested an opinion of the Attorney General regarding the collection of sales taxes for a parish governing authority. You specifically ask whether it is permissible for a parish to enter into a contract for the collection of sales taxes and to compensate the contractor on the basis of a percentage of the taxes collected. You also ask whether a taxpayer can be liable for sales and use taxes in more than one parish.
In answer to your question, we refer you to Article VII, Section 3(B) which provides for the collection by a single tax collector of all sales and use taxes levied by political subdivisions within each parish. Section 3 contains no compensatory provision, but directs the legislature to enact the laws necessary to implement its provisions.
R.S. 33:2844 authorizes political subdivisions to enter into joint sales and use tax collection agreements. Paragraph B provides, in pertinent part:
 "No provision of such agreement shall have the effect of providing for a donation, in whole or in part, of the public funds or services of one of the parties for the benefit of the other."
R.S. 33:2844.1 comprises the enabling legislation for the creation of central collection commissions mandated by Article VII, Section 3. It provides, with regard to the compensation for collection, as follows:
 "B.(3) The expenses of the central collection commission shall be paid monthly by the political subdivisions levying a sales and use tax on a proportional basis; however, the cost of collection shall in no case exceed one and one-half percent of the tax collected for each political subdivision, unless otherwise authorized by the unanimous agreement of all political subdivisions within the parish levying a sales and use tax."
We further draw your attention to R.S. 33:2719 (A) which authorizes a tax recipient political subdivision to contract with another entity, public or private, for the examination or investigation of any taxpayer for the purposes of enforcement and collection of taxes. Paragraph B authorizes political subdivisions to contract with private auditing firms to determine compliance with local sales and use tax ordinances. It pertinently provides:
 "The rate of compensation shall be on an hourly basis, plus reasonable expenses. The payment shall not exceed thirty percent of taxes collected pursuant to an audit if payment is contingent on the actual collection of taxes."
We have reviewed the constitutional and statutory provisions relating to your first question, and, as exemplified in the provisions discussed hereinabove, we can find no legal prohibition against a parish contracting with a collecting agency, whether public or private, and paying that agency on a percentage basis. Any such contract must be in conformance with Article VII, Section 3 and the statutory provisions related thereto.
While you make no inquiry as to the amount or rate of compensation assessed for collection, the legislature, as previously noted, has set the cost of collection for central collection commissions at a maximum of one and one-half percent of the tax collected, unless otherwise authorized by the unanimous agreement of all political subdivisions within the parish levying a tax. In the absence of legislation specifically addressing this issue, we recommend that the parish conform to this legislative standard. We focus now on your second question.
The Louisiana legislature has addressed the issue of a taxpayer paying sales and use taxes upon the same tangible personal property in more than one parish. R.S. 33:2718.2 (A) provides as follows:
 "A. A credit against the sales and use tax imposed by any political subdivision of the state shall be granted to a taxpayer who paid monies, whether or not paid in error, absent bad faith, based upon a similar tax, levy, or assessment upon the same tangible personal property in a political subdivision of another state, or a political subdivision of this state. The credit granted herein shall only be applicable when a similar taxing authority is seeking to impose and collect a similar tax, levy or assessment from a taxpayer upon the same tangible personal property for which the taxpayer has paid a similar tax, levy or assessment to a similar taxing authority."
As can be gleaned from the above, in the event sales and use taxes are levied in two parishes, the law enables the parish with the higher tax rate to effect collection on the same property, but only in an amount representing the difference between the higher and lower tax rates.
Trusting this adequately responds to your inquiry, I am
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: __________________________ ROBERT E. HARROUN, III
Assistant Attorney General
RPI/Rob, III/cla